CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1867.

## F. OPITZ ET AL. v. WM. WINN.

GARNISHEE.—Where a person who is served with garnishee process voluntarily pays money to the constable, it is not error for the justice of the peace to refuse to enter an order directing the constable to pay the money to the judgment debtor, although the money may be earnings for which the justice could not lawfully enter judgment.

The facts are stated in the opinion of the court.

UPTON, J. The defendant, Wm. Winn, obtained a writ of review, directed to Israel Graden, justice of the peace.

The justice had rendered a judgment for $88 69 in favor of the plaintiff, against this petitioner, on October 11, 1867, and between that date and October 23, garnishee process was served on Carson and Porter. The latter answered that they had $27, belonging to the said Winn, the petitioner; which sum they delivered to the constable, who held the execution. On the 23d, the defendant Winn filed an affidavit, stating that the $27 was earnings of the judgment debtor, earned within thirty days next preceding *the date of the affidavit*, and demanded that the same "be exempted from execution, and that the same shall not be included in any judgment against Carson and Porter." The defendant asked the justice to make an order directing the constable to pay the $27 to him, and the justice declined to make any order in that respect. Thereupon the defendant Winn petitioned for this writ.

The statute does not, in direct terms, affirmatively exempt "earnings;" but section 310 provides that "the earnings of a judgment debtor for personal services, at any

time within thirty days next preceding a judgment against a garnishee, shall not be included in said judgment," when necessary for the support of the family, etc.

It is not claimed that the justice has rendered a judgment against the garnishees, Carson and Porter; but that he has erred in refusing to control the process of his own Court, and that he should direct the constable to deliver to the petitioner the money voluntarily paid over by Carson and Porter.

I am not prepared to say the justice has power to make such order; if the constable had made an unlawful levy, the power that a court should have to control its own process would probably be exercised by directing a discharge. But this money is voluntarily paid, its payment was not enforced by process, and it is a question yet to be settled whether its payment discharged Carson and Porter from their liability to the petitioner Winn.

A justice of the peace derives his power from the statute. The statute does not by any express words authorize him to make the order, and I think it was not error for him to decline to make it.

The petition does not show affirmatively that an error has been committed, and the writ must be dismissed.